IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LOUIS ZEMEK**                                                                                             **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.:** 3:18-CV-707-HTW-LRA

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY**                                **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Louis Zemek, by any through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Rehabilitation Act of 1973, as amended, against the Defendant, Mississippi Department of Public Safety. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Louis Zemek, is an adult male resident of Calhoun County, Mississippi.

2. Defendant, Defendant, Mississippi Department of Public Safety, may be served with process by serving Attorney General Jim Hood, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

3. This action arises under the Rehabilitation Act of 1973, as amended.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

### STATEMENT OF THE FACTS

8. Plaintiff was hired by the Defendant on October 30, 1999.

9. In 2011, Plaintiff was called for active military duty.

10. While on active duty, Plaintiff sustained a stroke in 2013, and two occipital brain

seizures, one in 2015, and another one in March, 2017.

11. Resulting from the stroke and seizures, Plaintiff now has type II diabetes mellitus

12. In July of 2017, the Army medically retired Plaintiff due to permanent disability, bipolar hearing loss and wearing a hearing aide in both ears, and diabetes.

13. After being medically retired from the Army, Plaintiff contacted the Defendant to return to work.

14. The Defendant repeatedly requested unnecessary and excessive medical documentation from Plaintiff and stalled about returning Plaintiff to active employment.

15. Finally, Plaintiff was called to come to Jackson and appear before a panel.

16. It was not until Plaintiff threatened the Defendant with a federal law suit, that the Defendant allowed Plaintiff to return to work.

17. On March 8, 2018, Plaintiff was in route to Monroe County Justice Court, when Plaintiff was involved in a motor vehicle accident.

18. Plaintiff was on duty and in his patrol car at the time of the accident.

19. An elderly female collided with Plaintiff's patrol car because she was traveling at an excessive rate of speed.

20. The elderly female was unrestrained in violation of state law and was killed as a result of the accident.

21. Plaintiff was traveling at a safe rate of speed of 51 mph by GPS at the time of the accident.

22. Defendant placed Plaintiff on paid suspension for just under 30 days.

23. After Plaintiff was involved in the accident, the Defendant requested Plaintiff to present to them a list of all medications that Plaintiff was taking.

24. These are the same medications Plaintiff has taken for years.

25. On Wednesday, April 4, 2018, MHP's internal affairs interviewed Plaintiff.

26. On Thursday, April 5, 2018, Defendant then presented Plaintiff with an erroneous statement of charges.

27. On Friday, April 6, 2018, Defendant unlawfully terminated Plaintiff because of his disability.

28. Plaintiff suffered neck and back injuries from the accident and receives chiropractic therapy daily.

29. The Defendant was aware of Plaintiff's injuries sustained in the accident.

30. Plaintiff has a Workman's Compensation case going currently.

31. In 2017, a similarly situated Trooper Kyle Lee, was involved in a fatality accident involving a Mississippi State University track student.

32. The Student was a back seat passenger and was killed due to Trooper Lee's gross negligence.

33. Trooper Lee was responding to a DUI related accident and was traveling at a high rate of speed of 90 mph. Some reports were over 100 mph.

34. Trooper Lee was not operating lights and sirens at the time of the accident.

35. Trooper Lee broke the law on numerous levels, broke MHP's policies, and Mississippi Personnel Board's policies.

36. Despite being responsible for the accident, Trooper Lee is still employed by Mississippi Highway Patrol.

37. The Defendant did not terminate Trooper Lee over the motor vehicle accident he was involved in.

38. The Defendant terminated Plaintiff because of his disability, not because of the motor vehicle accident in March, 2018.

39. Plaintiff disclosed his condition and his health history to the Defendant and also explained how his disability is generally well-controlled and would not be problem for him working

as a highway patrolman.

40. As such, the Defendant is prohibited from discriminating against Plaintiff because of his disability.

41. Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability. Specifically, Plaintiff is qualified to perform the essential functions required of a highway patrolman.

42. The Defendant violated the Rehabilitation Act, as amended, by terminating Plaintiff because of his actual disability, his perceived disability, and/or his record of impairment.

43. As a result of the Defendant's actions, Plaintiff has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

## CAUSES OF ACTION

## COUNT ONE: VIOLATION OF THE REHABILITATION ACT OF 1973, AS AMENDED

44. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 43 above as if fully incorporated herein.

45. The Defendant violated the Rehabilitation Act, as amended, by terminating Plaintiff because of his actual disability, his perceived disability, and/or his record of impairment.

46. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

47. The Rehabilitation Act of 1973, as amended, prohibits employment discrimination on the basis of disability.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing

of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury

1. Reinstatement or front pay in lier of reinstatment;
2. Back pay;
3. Lost benefits;
4. Compensatory damages;
5. Punitive damages;
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled.

THIS the 11th day of October, 2018.

Respectfully submitted,

LOUIS ZEMEK, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com